**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENNETH SEATS, SR. ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:09-cv-1310-SEB-TAB |
| ) | |
| JEFF WRIGLEY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Kenneth Seats, Sr. ("Seats") filed a writ of habeas corpus based on his claim that the prison disciplinary proceeding identified as No. NCF 09-08-0323 is tainted with constitutional error. In that proceeding, Seats was found guilty of violating prison rules by refusing to participate in the prison's Sex Offender Management and Monitoring ("SOMM") program.

Upon being found guilty of the identified misconduct, Seats was sanctioned with 1) a written reprimand, 2) a 45-day loss of commissary and telephone privileges, 3) the deprivation of 30 days of earned good time (suspended), and 4) demotion to credit class II (suspended). Applicable rules of the Indiana Department of Correction provide: "the length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." Seats was found guilty on August 28, 2009. As such, the suspended sanctions expired six months later, on February 28, 2010. The suspended sanctions were not enforced before February 28, 2010, meaning that the suspended sanction can never be enforced.

The respondent argues that the foregoing events renders the action moot. Seats disagrees. "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted). It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992). Thus, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Id.* (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

Seats seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Obviously, therefore, being "in custody" is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Two of the sanctions imposed in the challenged disciplinary proceedings-the written reprimand and the loss of commissary and telephone privileges-did not result in the imposition of "custody" for purposes of the federal habeas statute. *Id.*

The other sanctions imposed in No. NCF 09-08-0323, however, did result in the imposition of "custody." These were the sanctions which were suspended, for Seats has a protected liberty interest in his good-time credits and demotion of credit class, of which he may not be deprived without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002). Analysis here, however, also requires the court to determine whether the fact that these sanctions were suspended affects Seats' ability to satisfy the custody requirement. It does not. In *Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004), the Court of Appeals concluded that a suspended sanction of the deprivation of good time qualifies as the deprivation of a protected liberty interest sufficient to trigger the guarantees of due process in *Wolff v. McDonnell,* 418 U.S. 539 (1974).

The respondent's motion to dismiss is not, however, based on any of the foregoing considerations, but is based instead on the fact that the suspended sanctions were not invoked and now can no longer be imposed. This situation was also addressed in *Cochran,* where the Court of Appeals explained that in a situation where the suspended sanction has expired and was never invoked, there is no possibility of suffering an actual deprivation of credit time and thereby lengthening the anticipated period of an inmate's confinement. *Id.* at 640-41. The "in custody" requirement of the federal habeas statute is no longer satisfied and the claim has become moot. *Id.* That is precisely the situation here.

Seats opposes this conclusion by referencing the broader context in which this infraction and discipline occurred. Specifically, he recites that he has been previously sanctioned for the same violation, resulting in the deprivation of good time credit, and that he expects to continue to be sanctioned for his refusal to participate in the SOMM program in the future. His comments miss the mark of the present case, however, which is solely a challenge to NCF 09-08-0323. He cannot avoid the force of the challenge becoming moot by identifying other instances in which some similar, but more consequential, discipline was imposed.

The action is moot and thus must be dismissed for lack of jurisdiction. The respondent's motion to dismiss (dkt 16) is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/26/2010

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana